﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 190926-34582
DATE: March 31, 2021

REMANDED

Entitlement to service connection for a psychiatric disorder, to include as secondary to service-connected duodenal ulcer, is remanded. 

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from October 1975 to October 1978.

A rating decision was issued under the legacy system in October 2012. Although the Veteran subsequently perfected a legacy appeal of the October 2012 rating decision, in December 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the supplemental claim lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in January 2019 which is the decision on appeal. In the September 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the January 2019 RAMP supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Entitlement to service connection for mental health disability, to include as secondary to duodenal ulcer, is remanded.

At the outset, the Board notes that despite the February 2019 rating decision being internally inconsistent as to whether new and relevant evidence was received as to the Veteran’s claim, because the original claim on the merits was opted into RAMP via supplemental claim, new and relevant evidence is not required and the AOJ should have proceeded to readjudicate the claim on the merits. Thus, the Board will presume new and relevant evidence and proceed to adjudicate the claim on the merits. 

Under applicable law, a medical examination and/or opinion is deemed “necessary” if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability; (2) establishes that the veteran suffered an event, injury, or disease in service, or has a disease or symptoms of a disease listed in 38 C.F.R. §§ 3.309, 3.313, 3.316, and 3.317 manifesting during an applicable presumptive period, provided the claimant has the required service or triggering event to qualify for that presumption; and (3) indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability. 38 C.F.R. § 3.159 (c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 86 (2006). The threshold for determining whether the evidence “indicates” that there “may” be a nexus between a current disability and an in-service event, injury, or disease is a low one. Id. at 83.

The Veteran asserts that his psychiatric disorder is secondary to his service-connected duodenal ulcer. In September 2012, the Veteran reported that he has experienced a high degree of anxiety and mental depression for the last two to three decades, which have worsened over time. He submitted a similar statement in June 2013 and explained that his existing conditions, including his ulcer condition and others, have caused him depression. 

Upon VA examination in September 2012, a VA examiner noted a diagnosis of schizoaffective disorder, but clarified that such diagnosis was based upon a review of the Veteran’s medical records and as documented by treating/attending providers, as no diagnosis was made during the current examination due to inconsistencies noted within the examination. For example, the examiner stated that the Veteran’s denial of psychiatric symptoms during the examination did not appear to be consistent with documented VA treatment records from 1995 which showed a long history of psychotic symptoms. The Veteran was noted to display somatic preoccupation and apparent lack of insight during the examination, and the examiner noted that his report of consistency with mental health treatment and compliance with medication was not consistent with documented treatment records. As such, the examiner was unable to render the requested nexus opinions without resorting to mere speculation, given the inconsistencies noted.

In June 2019 and September 2019, the Veteran’s attorney asserted that the September 2012 VA examination is inadequate, given that the examiner did not provide a rationale as to why a psychiatric diagnosis could not be provided while at the same time confirming the previous diagnosis for schizoaffective disorder.

Additionally, in conjunction with his September 2019 VA Form 10182 (Notice of Disagreement), the Veteran submitted a medical letter from Dr. Jaclyn H. Polsky, Psy. D. See May 2019 South F. Psychological Associates, LLC Letter. Dr. Polsky noted it is evident that the Veteran meets the criteria for Schizoaffective Disorder and explained that, among other things, the Veteran denied mental health problems prior to service; that numerous records have consistently noted depression, paranoia, and psychotic symptoms; that he has been suffering since the 1990s; and that he explains that his symptoms have been worsening. Dr. Polsky opined that given the statements showing an onset of mental health symptoms during the Veteran’s service; statements indicating the severity of chronicity of the Veteran’s symptoms until the present; and the lack of any indication that the Veteran had a mental health disorder prior to joining the military, the evidence in the record indicates that it is at least as likely as not that the Veteran’s schizoaffective disorder is the direct result of his service. 

Given the conflicting evidence regarding a current psychiatric disorder, as well as conflicting evidence of a nexus to the Veteran’s active service and/or a service-connected disability, the Board finds that a VA examination and nexus opinions concerning direct and secondary service-connection should be obtained upon remand.

This matter is REMANDED for the following action:

Obtain an addendum VA medical opinion regarding the Veteran’s claimed psychiatric disorder. The claims file should be made available to the VA examiner, who must document such review. If the examiner feels that an in-person psychiatric examination is required, then schedule the Veteran for such examination. The examiner should conduct any required testing and provide all current psychiatric diagnoses. 

The VA examiner is requested to offer an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that any diagnosed psychiatric disorder (1) is causally or etiologically related to the Veteran’s active service; or, (2) is proximately due to or the result of a service-connected disability, to include the service-connected duodenal ulcer; or (3) was aggravated by a service-connected disability, to include the service-connected duodenal ulcer.

If the examiner finds that the psychiatric disorder has been aggravated by the service-connected duodenal ulcer, the examiner is asked to state whether there is medical evidence prior to the aggravation or at any time between the time of aggravation and the current level of disability that shows a baseline for the psychiatric disorder prior to aggravation. If the examiner is unable to establish a baseline for the psychiatric disorder prior to the aggravation, he or she should state such and explain why a baseline cannot be determined.

All opinions are to be accompanied by a rationale consistent with the evidence of record. A discussion of the pertinent evidence, relevant medical treatises, and generally accepted medical principles is requested. 

If the examiner cannot provide an opinion without resorting to speculation, he or she shall provide complete explanations stating why this is so. In so doing, the examiner shall explain whether any inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

In particular, the examiner should consider and address the Veteran’s September 2012 statement that he has experienced a high degree of anxiety and mental depression for the last two or three decades; the Veteran’s June 2013 statement that his depression has been caused by his gastrointestinal and ulcer conditions; and the September 2012 VA examination versus the May 2019 positive nexus opinion by Dr. Polsky.

 

 

D. C. JOHNSON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Willis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.